OPINION
{¶ 1} Defendant-appellant, Ricky Burton, appeals from a Columbiana County Common Pleas Court judgment denying his motion to withdraw his guilty plea to one count of attempted rape.
 {¶ 2} On September 23, 2004, a Columbiana County grand jury indicted appellant on one count of attempted rape, a second degree felony in violation of R.C. 2907.02(A)(2) and R.C.2923.02(A). Specifically, appellant was accused of attempting to rape his ex-wife's 13-year-old daughter. Appellant entered a plea of not guilty. Appellant then filed a motion to suppress his confession.
 {¶ 3} On January 28, 2005, appellant withdrew his motion to suppress, entered into a plea agreement with plaintiff-appellee, the State of Ohio, and changed his plea to guilty. Appellee agreed to recommend a four-year prison sentence in return for appellant's plea. Prior to accepting appellant's plea, the trial court personally addressed him and found that appellant was entering his plea knowingly, intelligently, and voluntarily. It then accepted the plea and scheduled a sentencing/sexual offender classification hearing.
 {¶ 4} On March 2, 2005, appellant filed a motion to withdraw his guilty plea. The court held a hearing on appellant's motion. Appellant argued that he should be permitted to withdraw his plea because, at the time he pled guilty, he was confused about the case and wanted to get it over with. He also argued that he did not believe he was truly guilty.
 {¶ 5} The trial court subsequently denied appellant's motion. It analyzed nine factors in reaching its decision. It concluded that appellant had a full and complete understanding of the charges against him when he entered his plea. It also noted that the child-victim's mother passed away between the time appellant entered his guilty plea and the time he filed his motion to withdraw it. The court found that this prejudiced the state. It also stated that the timing of appellant's motion could lead it to believe that appellant viewed the mother's death as a chance for him to escape the criminal liability to which he had already admitted. Finally, it found that appellant was well-represented by counsel prior to entering his plea.
 {¶ 6} The trial court later held a sentencing/sexual offender classification hearing. It sentenced appellant to four years in prison and five years of post-release control. The court also found appellant to be a sexually oriented offender. Appellant filed a timely notice of appeal on May 24, 2005.
 {¶ 7} Appellant raises one assignment of error, which states:
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WHEN SUCH REQUEST WAS MADE BEFORE THE IMPOSITION OF SENTENCE."
 {¶ 9} Appellant argues that the trial court erred in disallowing him to withdraw his guilty plea since he asked to do so before sentencing. Appellant contends that the trial court gave unjust weight to some of the factors set out in State v.Thomas (Dec. 17, 1998), 7th Dist. Nos. 96-CA-223, 96-CA-225, 96-CA-226.
 {¶ 10} The decision whether to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. State v. Xie (1992), 62 Ohio St.3d 521, 526,584 N.E.2d 715. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. However, a motion to withdraw a guilty plea made prior to sentencing should be freely granted. State v. Posta (1988), 37 Ohio App.3d 144, 145,524 N.E.2d 920.
 {¶ 11} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." While this rule establishes a fairly stringent standard for deciding a post-sentence motion to withdraw a guilty plea, it provides no guidelines for deciding a pre-sentence motion. Xie, 62 Ohio St.3d at 526.
 {¶ 12} In Thomas, 7th Dist. Nos. 96-CA-223, 96-CA-225, 96-CA-226, this court considered nine factors set out in Statev. Fish (1995), 104 Ohio App.3d 236, 661 N.E.2d 788, that an appellate court should consider when determining whether a trial court abused its discretion in failing to allow a plea withdrawal. They are:
 {¶ 13} "1) whether a withdrawal will result in prejudice to the prosecution; 2) the representation afforded to the defendant by counsel; 3) the extent of the hearing conducted by Crim. R. 11; 4) the extent of the hearing on the motion to withdraw; 5) the amount of consideration given to the motion by the court; 6) the timing of the motion; 7) the reasons given for the withdrawal; 8) the defendant's understanding of the charges and penalties; and 9) the existence of a meritorious defense." Id., citing Fish, at 239.
 {¶ 14} In reaching its decision to deny appellant's motion, the trial court analyzed each of these factors.
 {¶ 15} First, the court noted that the alleged victim was appellant's former step-daughter. It observed that she has developmental problems and was very withdrawn since her mother passed away on February 10, 2005. The court noted the child's grandmother testified that the child has been emotionally drained since her mother's death. It found that if it granted appellant's motion, the child would be called to testify in a very serious and sensitive case without her mother's support. Therefore, it concluded that the state would be prejudiced as a result.
 {¶ 16} Second, the court noted that appellant's attorney has extensive experience in criminal law and that he represented appellant from the time of discovery. It further noted that at the plea hearing, it inquired of appellant regarding his satisfaction with his counsel. The following colloquy took place:
 {¶ 17} "THE COURT: Very well. Have you been satisfied with the representation of your counsel, Attorney Amato?
 {¶ 18} "DEFENDANT: Yes, sir.
 {¶ 19} "THE COURT: Has he spent enough time with you?
 {¶ 20} "DEFENDANT: Yes, sir.
 {¶ 21} "THE COURT: Has he answered your questions?
 {¶ 22} "DEFENDANT: Yes, sir." (Plea Tr. 14).
 {¶ 23} Thus, the court concluded that appellant was well represented by counsel and was satisfied with his counsel's representation.
 {¶ 24} Third, the court found that it conducted a thorough Crim.R. 11 hearing before accepting appellant's plea. It noted that appellant was represented by counsel; that it made sure appellant was in total control of his mental faculties and able to understand the proceedings; that it went over the charge with appellant; and that it went over the felony plea agreement, the judicial advice to the defendant, and the defendant's response to the court. The court noted that the prosecutor stated the evidence against appellant on the record and appellant admitted that the state's summary of the evidence was accurate and that he committed the crime charged. Appellant only questioned the date in the indictment because he thought it was incorrect.
 {¶ 25} Fourth, the court found that it afforded both sides the opportunity to be heard on the motion and present evidence. Appellant presented no evidence to substantiate his motion. Appellee presented evidence from the child's grandmother.
 {¶ 26} Fifth, the court stated that it was issuing its judgment after analyzing the case according to the applicable criteria.
 {¶ 27} Sixth, the court noted that appellant filed his motion to withdraw on March 2, 2005 — 33 days after entering his guilty plea. It also noted that appellant filed the motion 20 days after the death of the victim's mother, which occurred 13 days after appellant's plea.
 {¶ 28} Seventh, the court observed that appellant presented no evidence concerning the reason for his request to withdraw his plea. It remarked that appellant did not testify or otherwise present evidence concerning his understanding, or lack thereof, of the plea proceedings.
 {¶ 29} Eighth, the court found that appellant understood the charge against him when he entered his plea. It cited the following colloquy between it and appellant:
 {¶ 30} "THE COURT: Sir, every criminal charge has parts to it. We call the parts elements. The elements of the crime to which you've indicated you wish to plead guilty are these: That you did (1), on or about August 13, 2004, (2), in Columbiana County, Ohio (3), purposely or knowingly (4), engage in conduct that, if successful, would have constituted or resulted in the offense of Rape, as set forth in Ohio Revised Code §2907.02(A)(2). The fifth element is, in that you did attempt to engage in sexual conduct with * * * [the child], (6), when you purposely compelled * * * [the child] to submit to the attempted sexual conduct by force or threat of force.
 {¶ 31} "Now, if you went to trial the State would have the burden of proving not one, not two, but all the elements of this offense that's been charged against you and each of them must be proven by proof beyond a reasonable doubt before you could be found guilty; do you understand?
 {¶ 32} "DEFENDANT: Yes, sir.
 {¶ 33} "THE COURT: So, sir, you do understand all of the parts of the charge and you understand the charge as a whole; is that true?
 {¶ 34} "DEFENDANT: Yes, sir.
 {¶ 35} "* * *
 {¶ 36} "THE COURT: Very well.
 {¶ 37} "Sir, do you want me to read this charge to you again or do you feel that you understand it?
 {¶ 38} "THE DEFENDANT: I understand it." (Plea Tr. 11-12, 15).
 {¶ 39} After quoting this dialogue, the court concluded that appellant fully understood the charge against him.
 {¶ 40} Ninth, the court noted that appellant admitted that the act occurred and questioned only the date set forth in the indictment. It stated that appellant put on no evidence of a meritorious defense. The court further noted that appellant did not even mention a defense until the court inquired if he had one and then appellant's counsel merely stated that the criminal conduct did not take place.
 {¶ 41} After analyzing all nine factors, the court concluded that appellant had a full and complete understanding of the charges against him when he entered his plea. And it found that appellant was very ably represented. The court further determined that the child-victim's condition, which has been complicated by the loss of her mother, clearly worked to the prejudice of the state. Additionally, it found that the timing of appellant's motion could lead it to believe that appellant viewed the mother's death as a chance to escape the criminal liability that he had already admitted to.
 {¶ 42} Appellant concedes that the trial court conducted a thorough Crim.R. 11 hearing, advising him of all of his rights and ensuring that he was entering his plea knowingly, willingly, and voluntarily. He also concedes that the trial court conducted a comprehensive hearing on the motion to withdraw the plea except that he argues the court should have inquired into his satisfaction with his counsel and whether he understood his right to testify. And appellant concedes that the trial court conducted a sufficient inquiry of his understanding of the charge against him at the plea hearing.
 {¶ 43} Appellant takes issue with certain factors. He contends that the victim's mother's death does not prejudice the state. He further argues that the court gave undue weight to this factor. Additionally, appellant asserts that the court put undue emphasis on the fact that he filed his motion after the death of the victim's mother. Next, he contends that the trial court should have inquired of him at the motion hearing as to whether he was still satisfied with his counsel. Finally, he argues that his counsel stated his position was that no crime occurred. Therefore, appellant contends he presented a meritorious defense, which the court failed to consider.
 {¶ 44} The trial court did not err by taking into consideration the fact that appellant filed his motion after the death of his victim's mother. Appellant was represented by counsel, knew all of his rights, knew the elements of the crime with which he was charged, knew the punishment he faced, and entered his plea voluntarily and willingly. Furthermore, the child has developmental problems. The loss of her mother's support, coupled with her developmental delay, could very well make her less likely to be able to testify at a trial, thereby prejudicing the state. Thus, it seems probable, if not likely, that the reason he sought to withdraw his plea was due to the death of the victim's mother.
 {¶ 45} Additionally, while appellant argues that the trial court should have inquired of him as to whether he was still satisfied with his counsel at the motion hearing, he does not allege that he was unsatisfied with his counsel. Thus, it is irrelevant whether the court made such an inquiry or not.
 {¶ 46} Furthermore, in his motion, appellant offered no reason as to why he wished to withdraw his plea. Appellee filed a memorandum in opposition to appellant's motion to withdraw his plea in which it argued that appellant had not set forth any reasons to withdraw his plea and that appellant had not raised a meritorious defense. In response, appellant filed a memorandum. In this memorandum, appellant never asserted his innocence. Instead, as a reason for his motion, appellant claimed that he was confused and not fully aware of the consequences when he entered his guilty plea. He further stated that he had since realized that "in his confusion and hastiness, he made a mistake in pleading guilty to the charge of Attempted Rape." It was not until the hearing on the motion that appellant, through counsel, asserted that he did not believe he was "truly guilty" of the charge. (Motion Tr. 4).
 {¶ 47} Given the above, we cannot conclude that the trial court abused its discretion in denying appellant's motion to withdraw his plea. The court analyzed nine different factors in reaching its decision. Appellant presented no evidence that he entered his plea unknowingly, unwillingly, or involuntarily. Appellant was represented by able counsel with whom he was satisfied. Furthermore, appellee had a confession from appellant. (Preliminary Hearing Tr. 13-15). And at his plea hearing appellant admitted that he entered his step-daughter's bedroom, removed her clothing, and forcefully attempted to have intercourse with her. (Plea Tr. 15-17). It appears that appellant simply changed his mind about his plea, which given the timing of the motion, may have been based on the death of the child-victim's mother. A mere change of heart is insufficient justification to withdraw a guilty plea. State v. Drake (1991),73 Ohio App.3d 640, 645, 598 N.E.2d 115. In addition, there was evidence established of prejudice to appellee's case.
 {¶ 48} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 49} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs
Waite, J., concurs