OPINION *Page 2 
{¶ 1} Defendant-appellant Brandon Mace appeals from his conviction and sentence entered in the Columbiana County Common Pleas Court. Mace was convicted of multiple violations of Passing Bad Checks, Theft, Falsification, Theft by Deception, and Forgery. Mace was sentenced to a total of 36 months. He now appeals and raises two issues. The first issue is whether the trial court abused its discretion when it denied his pre-sentence motion to withdraw his guilty plea. The second issue is whether Mace's Sixth Amendment right to counsel was violated. For the reasons stated below, the judgment of the trial court is hereby affirmed.
 STATEMENT OF CASE {¶ 2} This case involves three trial court case numbers: 04CR123, 04CR197, and 05CR156. In case number 04CR123, Mace was indicted on April 29, 2004 for Passing Bad Checks, a violation of R.C. 2913.11(A), a fifth degree felony; Theft, a violation of R.C. 2913.02(A)(3), a fourth degree felony; and two counts of Falsification, a violation of R.C. 2921.13(A), a fourth degree felony. In case number 04CR197, Mace was indicted on July 29, 2004 for Forgery, a violation of R.C. 2913.31(A)(3), a fourth degree felony and Theft by Deception, a violation of R.C. 2913.02(A)(3), a fourth degree felony. These two cases proceeded separately through discovery and other motions. However, on October 20, 2005, upon the state's motion, the two cases were consolidated.
 {¶ 3} Mace was then indicted in case number 05CR156 on July 28, 2005. The indictment contained 20 counts. There were three counts of Passing Bad Checks, a violation of R.C. 2913.11(B), a fifth degree felony; six counts of Felony Theft by Deception, a violation of R.C. 2913.02(A)(3), a fifth degree felony; one count of Misdemeanor Theft by Deception, a violation of R.C. 2913.02(A)(3), a first degree misdemeanor; six counts of Forgery, a violation of R.C. 2913.31(A)(3), a fifth degree felony; and four counts of Money Laundering, a violation of R.C. 1315.55(A)(1), a third degree felony.
 {¶ 4} Mace filed a motion for the return of $7,000 and other property that had been confiscated by the police. A hearing was held. The state submitted the affidavit of a police officer concerning the need to preserve the money and property as *Page 3 
evidence for and forfeiture in other pending charges. On December 22, 2005, the trial court denied Mace's motion for release of funds. On January 18, 2006, Mace asked the court to reconsider its decision.
 {¶ 5} On January 23, 2006, all three cases were consolidated. On that same date, Mace entered a guilty plea in the above consolidated cases. In 04CR123, he pled guilty to all counts in the indictment: Passing Bad Checks, Theft, and two counts of Falsification. In 04CR197, he pled guilty to both counts in the indictment: Forgery and Theft by Deception. In 05CR156, he pled guilty to 10 of the 20 charges. He pled guilty to three counts of Passing Bad Checks, five counts of Felony Theft by Deception, one count of Misdemeanor Theft by Deception, and one count of Forgery. All other counts were dismissed as part of the plea deal. The court accepted the guilty pleas.
 {¶ 6} On February 7, 2006, the court signed an order releasing Mace's funds based on the fact that the cases related to the funds were no longer pending and because no charges had been brought in another anticipated case related to the funds. When resistance from police was encountered, the court scheduled a hearing and reordered release but required defense counsel to maintain the funds in a client trust account pending sentencing. On March 23, 2006, Mace filed a pro se presentence motion to withdraw his guilty plea and a motion for release of funds from defense counsel. He made various complaints about the charges and his counsel, including defense counsel's retention of his funds. After receiving a copy of the motion, Mace's counsel filed a motion to withdraw as counsel.
 {¶ 7} On April 20, 2006, a hearing was held on the motions. In an April 24, 2006 judgment entry, the court denied Mace's motion to withdraw the plea and also denied counsel's motion to withdraw. The court then granted Mace's motion to order defense counsel to release his funds stating that counsel is authorized to release the funds to a family member of Mace's designation.
 {¶ 8} Sentencing occurred on April 28, 2006. Mace was then sentenced to a total of 36 months. Following sentencing, Mace filed a timely notice of appeal. *Page 4 
 FIRST ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN THE COURT DENIED APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS PLEA OF GUILTY."
 {¶ 10} Mace's motion to withdraw his guilty plea occurred prior to sentencing. Crim.R. 32.1 governs the withdrawal of guilty pleas. It states:
 {¶ 11} "A motion to withdraw a plea of guilty or no contest may only be made before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 12} Generally, a motion to withdraw a guilty plea that is made prior to sentencing should be freely and liberally granted. State v.Xie (1992), 62 Ohio St.3d 521, 526. That said, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Id. at paragraph one of the syllabus.
 {¶ 13} As such, the determination of whether to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at 527. For an abuse of discretion to lie, a reviewing court must find that a trial court's ruling was "unreasonable, arbitrary or unconscionable." Id., quoting State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 14} In reviewing a trial court's decision regarding a motion to withdraw a plea, the court in State v. Fish (1995), 104 Ohio App.3d 236, set forth a non-exhaustive list of factors to weigh when reviewing a trial court's decision regarding a presentence motion to withdraw a guilty plea. Such factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. Id. at 240. Finally, a change of heart or mistaken *Page 5 
belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea.State v. Lambros (1988), 44 Ohio App.3d 102, 103.
 {¶ 15} Mace argues that he was not given a full opportunity to be heard at the motion hearing. His argument is unfounded. The following is an excerpt of the colloquy that occurred between Mace and the trial court:
 {¶ 16} "Q. Do you want to explain yourself to the Court at this time?
 {¶ 17} "A. Yes. Um.well, there's — there's a lot of different things. There's a lot of different reasons as to why I asked to withdraw my guilty plea.
 {¶ 18} "The — the number one, and my attorney can attest, uh, the day after I pled guilty I called his office and told them that I wanted to withdraw my plea.
 {¶ 19} "There's — there's a lot different things, Your Honor, uh, the main thing I feel that, uh, you know, that my pleading guilty didn't do me any justice. That I pled guilty to things I didn't do, and I made note of that at my last appearance here in court.
 {¶ 20} "Um. . . I felt that, uh, I wasn't fully represented. I mean, I've been sitting in jail for eleven months, without a bond, after I turned myself in and cooperated with the police, and I am not in jail for any type of violent offense, or anything like that." (Tr. 6-7).
 {¶ 21} Mace's explanation goes on a little further and then the court tells him that if his motion to withdraw is granted that all the original indictments will be in effect and that he may get sentenced to more than 36 months if convicted. Mace indicates that he understands. Mace then indicates the following:
 {¶ 22} "And I don't I just don't feel that the punishment fits the crimes. I mean, it's three years for for what happened is a lot of time for — for you know, really something that's very minor." (Tr. 8).
 {¶ 23} Mace's attorney then speaks and verifies that after the plea was entered he talked to Mace twice. However, he indicates that it was his understanding that after talking to Mace, Mace did not want to withdraw his guilty plea. (Tr. 9).
 {¶ 24} Mace then states:
 {¶ 25} "I'm, Your Honor, sorry. Uh, not that Attorney Hartford [Mace's attorney] hasn't done a good job for me, he — he has, I mean for the most part. *Page 6 
 {¶ 26} "But there's things that — there are things that I feel that I was entitled to that — that — that he didn't fight for." (Tr. 10).
 {¶ 27} The trial court then indicates that in its opinion Attorney Hartford did a good job representing him. It is at that point that the trial court indicates that it had heard enough from Mace. (Tr. 10).
 {¶ 28} The above shows that the trial court did give Mace the opportunity to be heard. The dialogue shows that Mace was attempting to withdraw his guilty plea because he did not commit all the crimes he pled guilty to, he thought that the recommended punishment would be too harsh, and it appears that he thought his counsel did not adequately represent him. Thus, given the record, we cannot conclude that the trial court did not give full and fair consideration to his request.
 {¶ 29} Furthermore, we cannot find that the trial court abused its discretion in denying the motion to withdraw the guilty plea. The record reveals that the first two reasons Mace gave for requesting to withdraw his guilty plea are mere indications that Mace changed his mind about pleading guilty.
 {¶ 30} This court does not have a transcript of the Crim.R. 11 colloquy that occurred prior to the trial court's acceptance of the plea. However, we do have indications from the trial court and Mace as to what occurred at that hearing. Mace indicates at the hearing on the motion to withdraw that the last time he was before the court he indicated that he was pleading guilty to some crimes he did not believe he committed. (Tr. 6-7). The docket shows that the time he was speaking of was the plea hearing. Furthermore, in the journal entry explaining the denial of the withdrawal, the trial court stated:
 {¶ 31} "At the time of that plea the defendant indicated he did not believe he had done some of the crimes to which he is pleading guilty. The Court after discussing that matter with the defendant concluded that the defendant was making his plea in order to receive the benefit of the plea bargain that the State had given him. That plea bargain resulted in the defendant pleading guilty to 15 felonies of the 4th and 5th degree and one misdemeanor of the first degree with a total aggregate sentence being 36 months. At the time the defendant was facing 19 felonies of the 4th and 5th *Page 7 
degree, 3 felonies of the 3rd degree and a misdemeanor of the 1st degree." 04/24/06 J.E.
 {¶ 32} Given the above, it is clear that Mace entered the guilty plea despite the fact that he believed he did not commit some of the crimes. The trial court stated in the journal entry that the plea had been entered into knowingly, voluntarily and intelligently. Furthermore, at the withdrawal hearing, Mace indicated he understood what he was pleading to and he understood the possible penalties. As such, the circumstances had not changed; instead, it appears Mace changed his mind.
 {¶ 33} Further in support of that conclusion is Mace's second reason for withdrawing his guilty plea — his belief that a 36 month plea deal was too harsh for the crimes. As explained above, Mace knew the recommendation when he pled guilty. The circumstances had not changed. It merely appears that Mace changed his mind.
 {¶ 34} As stated above, changing one's mind about entering a guilty plea is not a reason upon which the trial court is required to allow a defendant to withdraw a guilty plea. Lambros, 44 Ohio App.3d at 103. As such, the trial court did not abuse its discretion.
 {¶ 35} The third reason Mace wishes to withdraw his guilty plea is that he does not think his attorney fought hard enough for him. As the record shows and the trial court clearly indicates, his attorney fought hard for his cause. The trial court specifically states:
 {¶ 36} "The Court: As far as I'm concerned Mr. Hartford [counsel] fought for everything that you are entitled to and more.
 {¶ 37} "Mr. Mace: Well —
 {¶ 38} "The Court — he was successful in almost every motion he filed in this Court, except for maybe the Motion to Suppress.
 {¶ 39} "So, your characterization of him not being successful is — is incorrect." (Tr. 10).
 {¶ 40} Furthermore, in the journal entry, the trial court states:
 {¶ 41} "Defendant contends that Attorney Hartford did not represent him adequately. Contrary to this statement the Court notes that Mr. Hartford has vigorously prosecuted all motions filed by the defendant pro se or by Mr. Hartford on *Page 8 
the defendant's behalf, has sought numerous motions to compel discovery, return specific property and to produce evidence. He has been successful in most of those motions. The docket of the case and the transcript of this case clearly reveal an excellent representation by Mr. Hartford of the defendant. The plea agreement Mr. Hartford worked out for the defendant is an excellent plea agreement given the potential sentences involved should the defendant be convicted of all of these charges."
 {¶ 42} The record confirms this characterization of Mace's attorney. Consequently, given Mace's statement along with the trial court's determination that trial counsel was very successful, Mace was represented by competent counsel, which as stated above, is one thing to consider when determining whether the trial court abused its discretion in denying the motion to withdraw a plea.
 {¶ 43} Thus, considering all the above, the trial court did not abuse its discretion. This assignment of error lacks merit.
 SECOND ASSIGNMENT OF ERROR {¶ 44} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY VIOLATING APPELLANT'S SIXTH AMENDMENT RIGHT TO CHOICE OF COUNSEL."
 {¶ 45} The Supreme Court has explained the right to counsel. It stated:
 {¶ 46} "`[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate * * * rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.' Wheat v. United States (1988), 486 U.S. 153,159. Thus, `[a] defendant has only a presumptive right to employ his own chosen counsel.' (Emphasis sic.) State v. Keenan (1998),81 Ohio St.3d 133, 137. Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include `the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense.' United States v. Jennings (C.A.6, 1996), 83 F.3d 145, 148. In addition, courts should `balanc[e] * * * the accused's right *Page 9 
to counsel of his choice and the public's interest in the prompt and efficient administration of justice.' Id. Decisions relating to the substitution of counsel are within the sound discretion of the trial court. Wheat, 486 U.S. at 164." State v. Jones, 91 Ohio St.3d 335,342-343, 2001-Ohio-57.
 {¶ 47} Mace contends that he was denied his right to counsel because funds he was going to use to hire an attorney were not released to him until after he pled guilty to the crimes. The state contends that this did not deny him counsel because he filed an affidavit of indigency and the funds that he referred to were to be used as evidence by the state in the scheduled trial. Thus, according to the state, the funds were appropriately held pending resolution of the matter.
 {¶ 48} The record supports the state's contention that it was going to use the funds as evidence. As it correctly points out, the United States Supreme Court has held that the Sixth Amendment right to counsel does not include the right to spend another person's money for services rendered by an attorney even if those funds are the only way that the defendant will be able to retain the attorney of his choice. Caplin Drysdal, Chartered v. U.S. (1989), 491 U.S. 617, 618.
 {¶ 49} Furthermore, it is noted that Mace contends that the trial court viewed his motion to retain counsel as an attempt to delay the disposition of the case. The trial court, in the journal entry, clearly states:
 {¶ 50} "A month before sentencing the defendant filed his `Notice of Intention to Withdraw Guilty Plea'. At the same time he sought new counsel and release of funds from the court appointed counsel to hire his own counsel.
 {¶ 51} "The Court views this latest motion of the defendant as another attempt to delay the disposition of this case. The defendant was indicted in Case No. 04CR123 on April 29, 2004. He was later indicted on July 29, 2004 in 04CR197. In May 2005 the defendant was indicted in 05CR156. Throughout the course of all of these cases the defendant has filed numerous motions some of the [sic] frivolous, some of them not. He had counsel in 04CR123 who was relieved and now new counsel was appointed. All of the cases were delayed numerous times at the request of the defendant." 04/24/06 J.E. *Page 10 
 {¶ 52} It was not just the motion to retain counsel that the trial court categorized as another attempt to delay the proceedings, rather, it was a combination of that motion and the motion to withdraw the guilty plea. Furthermore, as the Ohio Supreme Court has explained, in determining whether the trial court's denial of the right to retain new counsel was appropriately denied the courts should "balanc[e] * * * the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice." Jones,91 Ohio St.3d at 342-343, quoting Jennings, 83 F.3d at 148.
 {¶ 53} The trial court clearly supports its determination that Mace's current motions were an attempt to delay the proceedings. As the trial court indicates, many delays were attributable to Mace. When balancing the interests of right to choice of counsel and prompt and efficient administration of justice, it is clear that the trial court did not abuse its discretion. Furthermore, as stated above, Mace was represented by competent counsel. Thus, this assignment of error has no merit.
 {¶ 54} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1