{¶ 1} Appellant Dave Elmer Moore appeals the trial court's denial of a presentence motion to withdraw a guilty plea. Appellant pleaded guilty in the Columbiana County Court of Common Pleas to two counts of felonious assault. Three months after entering the plea, and the day before sentencing, he filed a motion to withdraw the plea. The trial court conducted a hearing and overruled the motion. The record indicates that the trial court considered all the appropriate factors for determining whether to grant a presentence motion to withdraw a plea, and that Appellant had a mere change of heart, which is not a sufficient reason for withdrawing a plea. Appellant's argument is not persuasive, and the judgment of the trial court is affirmed.
 HISTORY OF THE CASE {¶ 2} On February 27, 2004, Appellant was indicted in Columbiana County on two counts of felonious assault with a deadly weapon against a police officer, R.C. 2903.11(A)(2). These charges were first degree felonies. The indictment contained two gun specifications as well. The charges arose from events that occurred at Appellant's trailer located at 47849 Rural Lane, East Liverpool, Ohio, on January 6, 2004. At approximately 3:30 a.m., someone called the police reporting a medical emergency at the trailer. St. Clair Township Patrolmen Steve Brophey and Troy Walker arrived and were met outside by a woman named Patricia Banfield. She told the officers that Appellant was in his bedroom, that he might have had a heart attack, was taking crack cocaine, and had several guns with him. The officers knocked on the front door and identified themselves, then kicked the door in. Appellant fired *Page 2 
multiple shots from a .357 Magnum revolver toward the front door. Neither officer was hit. The officers ran back into the driveway to take cover. Appellant appeared at the front door with a handgun, then went back to his bedroom. Other officers arrived from East Liverpool and Liverpool Township. They surrounded the trailer until Appellant surrendered and was taken into custody.
 {¶ 3} On March 24, 2004, Appellant entered a plea of not guilty. On November 29, 2004, Appellant changed his plea to not guilty by reason of insanity. Appellant claimed he was a Vietnam War veteran suffering from posttraumatic stress disorder. Appellant served in Vietnam in 1965-1966. The court ordered a forensic evaluation by the Forensic Psychiatric Center of Northeast Ohio. Appellant had not yet completed all parts of the evaluation when he suffered a non-fatal heart attack on or about July 16, 2005. After further delays, additional psychiatric testing was ordered. On February 16, 2006, the trial court found that Appellant was sane when the crime was committed. Trial was set for May 2, 2006.
 {¶ 4} Appellant entered into Crim.R. 11 plea negotiations prior to trial. On May 3, 2006, Appellant signed a plea agreement, and a plea hearing was held that day. He agreed to plead guilty to both charges and to the firearm specifications in return for a recommendation from the state that he serve concurrent four-year prison terms for the felonious assault charges and one year for the firearm specifications, for a total of five years in prison. He stated that he was 64 years old and had a seventh grade education. Appellant gave no indication at the plea hearing that he was entering the plea unwillingly or that he was not of sound mind at the time of the crime or at the plea hearing. Appellant admitted to firing two shots at the officers. (5/3/06 *Page 3 
Tr., p. 24.) The court explained to Appellant a number of times that there was no guarantee as to the sentence that would be imposed, and that the court alone would decide his sentence. Appellant stated that he hoped to get a more favorable sentence because he was entering a guilty plea, but he fully understood that the sentence was completely at the discretion of the trial judge. The court accepted the guilty plea, and filed its judgment entry on May 4, 2006.
 {¶ 5} Sentencing was set for August 4, 2006. On August 3, 2006, Appellant filed a presentence motion to withdraw his guilty plea. A hearing was held on August 4, 2006. The motion was overruled on September 19, 2006. Appellant was sentenced on December 8, 2006. The court sentenced Appellant to four years in prison on each of the two counts of felonious assault, and one year in prison on each of the two firearm specifications. The prison terms for felonious assault were to be served concurrently, and the firearm specifications were concurrent with each other, but consecutive to the prison terms for felonious assault, resulting in an aggregate five-year prison term. The court filed its judgment entry on December 13, 2006, and this appeal followed on December 28, 2006.
 ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN THE COURT DENIED APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS PLEA OF GUILTY."
 {¶ 7} Appellant filed a motion to withdraw his guilty plea prior to sentencing. Appellant argues that his motion to withdraw his plea was a presentence motion and should be governed by the law regarding presentence motions to withdraw a plea. *Page 4 
Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Although the rule does not state any particular factors that apply to a presentence motion to withdraw a plea, the rules governing such a motion are firmly established. A decision on a presentence plea withdrawal motion is within the trial court's sound discretion. State v. Xie
(1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. An abuse of discretion is more than an error of judgment; it implies a decision that is unreasonable, arbitrary, or unconscionable. Id. at 527.
 {¶ 8} Although a trial court does have discretion in this matter, the general rule is that a presentence motion to withdraw a guilty plea shall be freely and liberally granted. Id. at 526. Nevertheless, a defendant does not have an absolute right to withdraw a plea prior to sentencing. Id. at 527. In making its determination, the trial court must conduct a hearing and decide whether a reasonable and legitimate basis for withdrawal of the plea exits. Id. Although it is not the role of the appellate court to conduct a de novo review, the appellate court may reverse the trial court's denial if the trial court acts unjustly or unfairly. Id. at 526.
 {¶ 9} We have cited with approval the factors mentioned in State v.Fish (1995), 104 Ohio App.3d 236, 661 N.E.2d 788, to evaluate whether abuse of discretion occurred in ruling on a presentence motion to withdraw a plea. The nonexclusive list of factors outlined inFish is as follows: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on *Page 5 
the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge. Fish at paragraph two of the syllabus; see also State v.Cuthbertson (2000), 139 Ohio App.3d 895, 746 N.E.2d 197; State v.Leasure, 7th Dist. No. 01-BA-42, 2002-Ohio-5019; State v. Kramer, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176.
 {¶ 10} The trial court in this case was specifically guided by the factors listed in State v. Fish. The court found that there would be prejudice to the state because of the delays already caused in the case. The court noted that the crime itself occurred in February of 2004. The court found that an extensive plea hearing was held and that every material aspect of Appellant's plea was discussed. The court found that Appellant was represented by counsel at the plea hearing. The court was convinced that the hearing process was fair and complete, and that Appellant freely and knowingly entered his plea. The trial judge found that he gave all due consideration to the arguments made in the motion to withdraw the plea. The court was wary of the timing of Appellant's motion, coming as it did on the day before sentencing was to occur. The court found that Appellant fully understood the charges when he entered the plea.
 {¶ 11} The court also found that Appellant's alleged defenses to the charge were contradictory. For example, Appellant was arguing that he fired the shots because he was afraid for his life, while at the same time arguing that he did not *Page 6 
remember what happened or that he was suffering from posttraumatic stress. It is clear that those defenses cannot coexist because they contain mutually exclusive elements. Contradictory defenses add little if any weight to the reasons given for withdrawing a plea. State v.Kramer, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176, ¶ 53.
 {¶ 12} The trial court concluded that there were no factors that weighed in favor of Appellant. The record supports each of these findings by the trial court, and there was no abuse of discretion in overruling the motion to withdraw the guilty plea.
 {¶ 13} It is axiomatic that a mere change of heart has been found to be an insufficient basis for granting a presentence motion to withdraw a plea. State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. When none of the Fish factors weigh heavily in the defendant's favor regarding the presentence withdrawal of a guilty plea, a strong inference arises that the plea is being withdrawn merely because of a change of heart about entering the plea. In the instant case, it appears that Appellant had a mere change of heart about his guilty plea. There is nothing in Appellant's motion to withdraw his plea that was not already known and dealt with at the plea hearing or previously in the trial proceedings. Appellant had been evaluated by at least two doctors prior to his plea hearing. One of the doctors, Dr. Wilson, concluded that Appellant was suffering from posttraumatic stress disorder. Armed with this knowledge, Appellant decided to go ahead and plead guilty. The record reflects that Appellant knew all the rights he was giving up, had competent representation, and had a thorough review of his plea at the plea hearing. Appellant claims that there is a factual dispute as to the number of shots that were fired. It is not clear how this is *Page 7 
relevant to his plea, and the record indicates that Appellant was aware of this possible discrepancy at the plea hearing and entered his guilty plea regardless. There is no material fact or circumstance that changed between the original plea hearing and the date the motion to withdraw the plea was filed, and the inference is very strong here that Appellant merely changed his mind.
 {¶ 14} This Court has generally upheld the trial court in overruling a presentence motion to withdraw a plea when the predominant reason for asking to withdraw a plea is the defendant's change of heart about the plea. State v. Johnston, 7th Dist. No. 06 CO 64, 2007-Ohio-4620;State v. Mace, 7th Dist. No. 06 CO 25, 2007-Ohio-1113; State v.Burton, 7th Dist. No. 05-CO-29, 2006-Ohio-893; Kramer, supra.
 {¶ 15} The record supports the trial court's decision to overrule Appellant's motion to withdraw his plea, and the trial court judgment is affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1