[Cite as *State v. Lett*, **2010-Ohio-4188**.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 08-MA-84 |
| | ) | |
| MARK LETT, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Youngstown Municipal Court of Mahoning County, Ohio
Case No. 07TRD8037

JUDGMENT:      Affirmed

APPEARANCES:
For Plaintiff-Appellee      Joseph R. Macejko
Youngstown City Prosecutor
Bret R. Hartup
Senior Assistant Law Director
City of Youngstown
26 S. Phelps Street
Youngstown, Ohio 44503

For Defendant-Appellant      Attorney David J. Betras
660 Seville Drive
Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: September 1, 2010

DONOFRIO, J.

{¶1} Defendant-appellant, Mark Lett, appeals from a Youngstown Municipal Court judgment convicting him of driving without a valid operator's license, following his no contest plea.

{¶2} Appellant was stopped by police on October 21, 2007, for failing to use his turn signal when making a turn. He was subsequently charged with driving under FRA suspension, a first-degree misdemeanor in violation of R.C. 4510.16(A); no valid operator's license, a first-degree misdemeanor in violation of R.C. 4510.12(A)(1); and failure to use a turn signal, a minor misdemeanor in violation of R.C. 4511.39. He initially entered a not guilty plea to the charges.

{¶3} Appellant later entered into a Crim.R. 11 plea agreement with plaintiff-appellee, the State of Ohio. Per the terms of the agreement, appellee amended the driving under FRA suspension charge to no valid operator's license and dismissed the remaining two charges. Appellant then entered a no contest plea to the single, amended charge.

{¶4} The trial court found appellant guilty and sentenced him to 60 days in jail, one year of probation, and a $200 fine.

{¶5} Appellant filed a timely notice of appeal on April 23, 2008. This court originally dismissed the appeal for want of timely prosecution. However, we reopened the appeal on March 18, 2009, on appellant's motion. Additionally, while this court originally granted appellant a stay of his sentence, we lifted that stay on May 27, 2009. Because appellant involuntarily served his sentence, which is likely now complete, his appeal is not moot because he did not *voluntarily* serve his sentence. See *State v. Wolford*, 3d Dist. No. 14-07-10, 2007-Ohio-6428, at ¶11. Furthermore, appellant has yet to pay his fine.

{¶6} Appellant raises two assignments of error, the first of which states:

{¶7} "THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S NO CONTEST PLEA WHICH WAS NOT MADE KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY."

{¶8} Appellant argues here that his plea was not entered knowingly,

intelligently, or voluntarily because the court did not inform him of the effect of his no contest plea as set out in Crim.R. 11(B)(2). He contends that he was unaware that a no contest plea is a complete admission of the truth of the facts alleged in the complaint.

{¶9} In this case, appellant entered his no contest plea to a first-degree misdemeanor petty offense. See Crim.R. 2(D). "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered." *State v. Jones*, 116 Ohio St.3d 211, 2008-Ohio-6093, at paragraph one of the syllabus, construing Crim.R. 11(E).

{¶10} To meet the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate Crim.R. 11(B) language. *Jones*, at paragraph two of the syllabus. Crim.R. 11(B) provides in relevant part:

{¶11} "With reference to the offense or offenses to which the plea is entered:

{¶12} "(1) The plea of guilty is a complete admission of the defendant's guilt.

{¶13} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶14} Thus, in this case, the trial court was required to inform appellant that the effect of his entering a no contest plea was "an admission of the truth of the facts alleged in the indictment, information, or complaint" and the plea could not later be used against him in any civil or criminal proceedings. The trial court did not do this.

{¶15} The trial court did inform appellant of numerous rights he waived by entering a no contest plea including the rights to a jury trial, to confront his accuser, to cross examine witnesses against him, to subpoena witnesses on his behalf, to remain silent, to raise any defenses, to testify, and to appeal. (Plea Tr. 2). Appellant indicated that he understood that he was waiving all of these rights. (Plea Tr. 3).

**{¶16}** While this information may have been useful to appellant, it does not help the fact that the trial court failed to inform him of the effect of his plea as is required by Crim.R. 11(B) and (E). But even though the trial court erred in failing to inform appellant of the effect of his plea this does not necessarily invalidate the plea.

**{¶17}** The failure to comply with informing a defendant of non-constitutional rights, such as the information in Crim.R. 11(B), does not invalidate the plea unless the defendant suffered prejudice. *Jones*, 116 Ohio St.3d at ¶52, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, at ¶12. In determining whether the defendant suffered prejudice, the test is whether the defendant would have otherwise entered the plea. Id., citing *State v. Nero* (1990), 56 Ohio St.3d 106, 108.

**{¶18}** Accordingly, we must determine here whether appellant suffered prejudice as a result of the trial court's failure to inform him of the effect of his plea. As instructed by the Court, we will look at whether appellant would have otherwise entered the plea.

**{¶19}** In *Jones*, the Ohio Supreme Court noted that Jones presented no evidence that at the time he entered his guilty plea to a first-degree misdemeanor, he claimed that he was innocent. *Jones*, at ¶54. The Court determined that pursuant to *Griggs*, supra, any error by the trial court in failing to properly inform Jones of the effect of his plea was not prejudicial because Jones did not assert his innocence during the plea colloquy. Id. The Court stated that Jones was, therefore, presumed to understand the effect of his guilty plea. Id.

**{¶20}** Likewise, in this case, appellant did not assert his innocence during his plea colloquy. However, at sentencing appellant's counsel made the following statement in mitigation of appellant's sentence:

**{¶21}** "On the date in question he was arrested, it has just been brought to my attention -- I may have attempted to assert it as a defense but it was just brought to my attention. He was trying to get his mother her blood pressure medication. She called him and needed to be taken to the hospital, which he did take his mother to the hospital. While en route either there or leaving the hospital that's when he was

arrested.

**{¶22}** "Now, I don't think that necessarily rises to the level of an emergency defense but that's what it is." (Sentencing Tr. 2).

**{¶23}** But appellant was facing three charges and a potential jail sentence of 360 days. Furthermore, appellant's counsel noted that appellant has a "horrid history and he will never, ever in his lifetime have his license back." (Sentencing Tr. 2). Considering these factors, the plea agreement whereby two charges were dismissed and the remaining charge was amended was a good deal for appellant. We can conclude appellant made an informed decision to enter into the plea agreement.

**{¶24}** And had the court informed appellant that his plea could not be used against him in any future proceedings, the court would have been informing appellant of yet another benefit of his plea. This additional benefit of appellant's no contest plea would serve only as further inducement to enter the plea.

**{¶25}** Finally, there is no indication that had the trial court informed appellant that a no contest plea is an admission of the facts alleged in the complaint or that his plea could not be used against him in any future proceedings, he would not have entered the plea deal. Notably, when the court informed appellant of the various rights he was waiving, it specifically told him that he was waiving the right to raise "any and all defenses." (Plea Tr. 2). Appellant indicated that he understood this. (Plea Tr. 3).

**{¶26}** For all of these reasons, appellant did not suffer prejudice as a result of the court's failure to inform him of the effect of his plea. Accordingly, appellant's first assignment of error is without merit.

**{¶27}** Appellant's second assignment of error states:

**{¶28}** "THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, CONTRARY TO HIS RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION."

**{¶29}** Appellant asserts here that his counsel was ineffective for failing to

raise emergency as an affirmative defense to the charges against him. Appellant notes that not until the sentencing hearing did his counsel mention to the court that appellant was either attempting to take his mother to the hospital or leaving the hospital when the police pulled him over. He asserts that he informed his counsel prior to sentencing that the reason he was driving on the day he was stopped was because his mother's health was failing and she needed to be rushed to the hospital. He now asserts that had his counsel informed him that emergency is an affirmative defense to the charges he faced, he would not have agreed to the plea deal and instead would have gone to trial and presented his affirmative defense.

{¶30} To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052; *State v. Bradley* (1989), 42 Ohio St.3d 136, at paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley,* 42 Ohio St.3d at paragraph three of the syllabus.

{¶31} Appellant bears the burden of proof on the issue of counsel's effectiveness. *State v. Calhoun* (1999), 86 Ohio St.3d 279, 289. In Ohio, a licensed attorney is presumed competent. Id.

{¶32} Where the defendant waives his right to trial in the context of a guilty or no contest plea, in asserting a claim of ineffective assistance of counsel, the defendant must demonstrate that, but for his attorney's error, he would not have entered his no contest plea and instead would have insisted on going to trial. *State v. Barnett*, 11th Dist. No. 2006-P-0111, 2007-Ohio-4954, at ¶52. See also *Hill v. Lockhart* (1985), 474 U.S. 52, 58-59.

{¶33} "A claim that a guilty or no contest plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty

plea shows it was voluntarily made." *Barnett*, at ¶56, citing *State v. Malesky* (Aug. 27, 1992), 8th Dist. No. 61290, and *State v. Kapper* (1983), 5 Ohio St.3d 36. This is because an allegation of a coerced plea involves actions over which the State has no control. Id. at ¶59, quoting *Kapper*, at 38. A defendant's own self-serving declarations or affidavits are insufficient to rebut a record that demonstrates that the plea was voluntary. Id.

**{¶34}** In this case, appellant did not submit any evidence in an attempt to show prejudice. Consequently, appellant cannot show that but for his counsel's actions, he would not have entered his no contest plea.

**{¶35}** Further, appellant contends that his counsel should have raised emergency as a defense under R.C. 4510.04. R.C. 4510.04 provides that it is an affirmative defense to prosecution under Revised Codes "section 4510.11, 4510.14, 4510.16, or 4510.21" or under "any substantially equivalent municipal ordinance" that the defendant drove "because of a substantial emergency, and because no other person was reasonably available to drive in response to the emergency."

**{¶36}** Appellant was initially charged with three violations: (1) driving under financial responsibility law suspension or cancellation in violation of R.C. 4510.16; (2) operating a motor vehicle without a valid license in violation of R.C. 4510.12(A)(1); and (3) failure to signal in violation of R.C. 4511.39. Per the statute's express terms, the affirmative defense of emergency could only potentially apply to one of the offenses appellant was charged with, the violation of R.C. 4510.16. Thus, even if appellant could have asserted this defense as to the driving under financial responsibility law suspension or cancellation charge, he would still have no defense as to the operating a motor vehicle without a valid license or to the failure to signal charges. And since appellant ultimately only pleaded no contest to operating a motor vehicle without a valid license, it is difficult to see how he was prejudiced in this respect.

**{¶37}** Furthermore, while appellant asserts that he informed his counsel prior to sentencing that the reason he was driving on the day he was stopped was

because his mother's health was failing and she needed to go to the hospital, there is no evidence on the record to support this claim. In fact, the only statement on the record on this subject contradicts appellant's assertion. At the sentencing hearing, appellant's counsel told the court that the purported defense "has just been brought to my attention." (Sentencing Tr. 2). This indicates that appellant had only just informed his counsel at the sentencing hearing of his reason for driving without a license. Thus, it is difficult to say that counsel was ineffective for not raising this defense on appellant's behalf.

{¶38} Given the charges appellant was facing, and the potential jail sentence of 360 days, counsel's efforts in negotiating a plea were reasonable. Furthermore, in sentencing appellant to 60 days, the trial court stated:

{¶39} "It should have been more probably with your history here. Your counsel just being forthwith about your record, you can thank him. It probably made a little difference for you." (Sentencing Tr. 3).

{¶40} Thus, the trial court found counsel's statement in mitigation of appellant's sentence persuasive enough that it gave appellant a lesser sentence than it otherwise may have given him.

{¶41} Based on the above, we cannot conclude that appellant's counsel was ineffective or that appellant suffered any prejudice. Accordingly, appellant's second assignment of error is without merit.

{¶42} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.