[Cite as *State v. Jones*, 2011-Ohio-2903.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 50 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CHARLES JONES | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 06 CR 1255

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Douglas B. Taylor
11492 Youngstown-Pittsburgh Road
New Middletown, Ohio 44442

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 8, 2011

WAITE, P.J.

**{1}** Appellant, Charles Jones, appeals his conviction on one count of murder, a violation of R.C. 2903.02(A)(D), a felony of the first degree, one count of felonious assault, a violation of R.C. 2903.11(A)(2)(D), a felony of the second degree, and a firearms specification, a violation of R.C. 2941.145(A). In his first assignment of error, Appellant contends that the trial court abused its discretion when it overruled his presentence motion to withdraw his guilty plea. He argues that his original trial counsel failed to share information with him that was obtained in discovery, and that he misunderstood the sentence that would be imposed once he entered his guilty plea. He also alleges that his counsel coerced him into entering the guilty plea. In his second assignment of error, Appellant contends that because of these alleged deficiencies he received ineffective assistance of counsel. It appears from the record that Appellant's motion to withdraw his plea is based on nothing more than a change of heart about entering the plea, which is not a sufficient reason for granting a presentence motion to withdraw. It also appears from the record that Appellant's counsel conscientiously represented him throughout the trial court proceedings. For the following reasons, the judgment of the trial court overruling Appellant's motion to withdraw his guilty plea is affirmed.

## Case History

**{2}** Appellant was arrested on October 30, 2006, and was indicted on November 30, 2006, on one count of murder, one count of attempted murder, and one count of felonious assault, with corresponding firearm specifications on each of the charges. Count one was predicated on the fatal shooting of Waddell Casey.

Counts two and three were predicated on the non-fatal shooting of Michael Faiola. At Appellant's arraignment conducted on December 12, 2006, Attorney Thomas Zena appeared on his behalf and entered not guilty pleas on all counts. A jury trial was set for January 17, 2007.

{3} A motion for supplemental discovery was filed on December 26, 2006, and reads, in pertinent part, "[c]ounsel has been made aware that several statements were taken in this matter as part of the course of investigation. In the discovery received by counsel, no statements, audio or video, have been included and no written statements have been provided in the discovery." (12/26/06 Motion, p. 1.) The motion was sustained on December 27, 2006.

{4} Between January 19, 2007 and June 23, 2008, the trial was continued many times. Appellant requested a continuance on March 9, 2007, and trial was reset for May 29, 2007. On May 23, 2007, Appellant's counsel filed a motion to continue the trial because the state had recently disclosed forensic evidence. The motion was sustained, but no new trial date was set.

{5} At a final pre-trial conducted on July 6, 2007, Appellant rejected a plea offer extended by the state. His counsel made an oral motion to continue the trial, which was then scheduled to proceed on July 16, 2007. The motion was sustained and the trial was rescheduled for November 13, 2007.

{6} At a pre-trial conference held on October 18, 2007, the parties represented to the trial court that plea negotiations were not successful and that the trial would proceed on November 13, 2007, but that trial date was also postponed.

On December 6, 2007, Appellant's counsel filed another motion to continue the trial. The trial was continued to February 25, 2008. Appellant's counsel subsequently again moved for a continuance to allow Appellant to submit to a polygraph examination, and the motion was granted. (2/26/08 J.E., p. 1.)

{7} On March 14, 2008, the trial court continued the trial until May 19, 2008 by agreement of the parties. (3/14/08 J.E., p. 1.) The polygraph test was scheduled for April 2, 2008. The test results indicated that Appellant answered truthfully when he claimed that he did not kill Casey, but that Faiola killed Casey. However, the report questioned the validity of the test results based on Appellant's blood pressure/cardiovascular responses. The report explained that Appellant's blood pressure/cardiovascular responses may have been attributable to noise in the testing environment, that is, officers going to and from vending machines. The examiner asked if the noise could be reduced during the examination, but instead the noise increased after his request. (4/3/08 Report of William D. Evans, p. 2.)

{8} Following a pretrial conference on April 15, 2008, trial was continued by the trial court without explanation to June 9, 2008. The trial was again continued to June 16, 2008, due to a scheduling conflict with another of Attorney Zena's criminal trials.

{9} Yet another motion to continue the trial was filed on behalf of Appellant in order to administer a second polygraph exam. A judgment entry dated June 16, 2008, reads, "Defendant moves to continue the trial set for this date so that a polygraph may be scheduled. Defendant agrees that he will stipulate to the

admissibility of the results if he were to fail. If the Defendant passes the exam or if it [is] inconclusive, the results are inadmissible. Jury trial reset for 6/23/2008." Prior to the issuance of the second polygraph report, Appellant withdrew his stipulation to the admissibility of the results. The report from the second polygraph is not a part of the record.

{10} On June 23, 2008, Appellant entered his guilty plea to the murder and felonious assault charges and the corresponding firearm specifications. The state agreed to dismiss the attempted murder charge, and further agreed that the firearm specifications would merge at sentencing. The parties agreed to recommend a fifteen-year-to-life sentence on the murder charge and an eight-year sentence on the felonious assault charge to run concurrently with the murder sentence. Both convictions were to run consecutively to the three-year sentence on the gun specification.

{11} The sentencing hearing was scheduled for August 1, 2008. On July 31, 2008, the trial court rescheduled the sentencing hearing to August 29, 2008, due to defense counsel's scheduling conflict. Two weeks later, on August 14, 2008, Attorney Zena filed a motion to withdraw as counsel. He stated, "[t]he Defendant has initiated an action against counsel indicating that counsel has not properly represented him and that he was apparently coerced into entering a plea in this cause."

{12} Oral argument was heard on the motion to withdraw as counsel on August 21, 2008, and the matter was taken under advisement. On September 22,

2008, the trial court overruled the motion to withdraw. The trial court noted in its judgment entry that Appellant was displeased with Zena's representation because a University of Akron Law School student told him that the trial court had the discretion to sentence him to a prison term greater than the agreed prison term. The trial judge stated that she fully explained the maximum sentences to Appellant at the plea hearing and also explained that she had the authority not only to accept the prosecutor's recommended sentence, but to deviate from it. (9/22/08 J.E., p. 1.) For these reasons, the court found no basis for allowing Attorney Zena to withdraw as counsel.

**{13}** The case was called for sentencing on November 13, 2008. At the sentencing hearing, Attorney Zena again requested to withdraw as counsel, this time based on a grievance that Appellant had apparently filed against him with the local bar association. The court granted the oral motion, and Attorney Douglas Taylor was appointed to represent Appellant. The sentencing hearing was stayed for 14 days. On December 5, 2008, prior to final sentence being imposed, Appellant's counsel filed a motion to withdraw the plea. In the motion, counsel maintained, "[Appellant] has been incarcerated for almost two years and advised that it was his desire to 'go home', and he thought by entering this plea he would get home sooner." (12/5/08 Motion, p. 2.)

**{14}** The trial court conducted a hearing on the motion to withdraw the plea on January 30, 2009. At the hearing, Appellant's counsel argued that his plea was not made knowingly and intelligently because Attorney Zena failed to share the

evidence gathered during discovery with him. He also argued that he had indicated his displeasure with the plea as early as July 23, 2008, when he spoke with an investigating officer of the Adult Parole Authority. He indicated that he did not commit the crimes and only entered the plea so that he could get home to his family. Counsel noted that this statement was made only 30 days after Appellant had entered his guilty plea.

**{15}** The trial court overruled the motion to withdraw the plea on February 10, 2009. The court stated that the matter under review was a presentence motion to withdraw a plea along with an allegation of ineffective assistance of counsel. The court noted that Appellant was represented by an experienced criminal defense attorney prior to entering the plea and that the plea agreement was not rushed into, but occurred eighteen months after discovery was completed. The court also noted Appellant's stated reason for becoming dissatisfied with the plea was that he thought he would get home sooner if he pleaded guilty, and that he did not have the opportunity to review discovery prior to entering his plea. The court found that Appellant did not assert that he was prejudiced by Attorney Zena's actions or failure to act, nor had he presented any real evidence to support his motion. The motion was overruled on the basis of the holdings in *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, and *State v. Madeline*, 11th Dist. No. 2000-T-0156, 2002-Ohio-1332.

**{16}** Appellant was sentenced on March 3, 2009. This timely appeal followed.

Assignment of Error No. 1

**{17}** "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO GRANT DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PLEA, WHEN THE MOTION WAS MADE PRIOR TO THE IMPOSITION OF SENTENCE."

**{18}** Crim.R. 32.1 allows a criminal defendant to move to withdraw a guilty plea prior to sentencing. Motions to withdraw a guilty plea before sentencing "should be freely and liberally granted." *Xie*, supra, at 584. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. The defendant is only entitled to withdraw his plea when "there is a reasonable and legitimate basis for withdrawal of the plea." Id.

**{19}** We have adopted the following list of factors on review of a trial court's decision as to a presentence motion to withdraw a plea: "(1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge." *State v. Cuthbertson* (2000), 139 Ohio App.3d 895, 898-899, 746 N.E.2d 197, citing *State v. Fish* (1995), 104 Ohio App.3d 236, 661 N.E.2d 788.

**{20}** None of the factors listed in *State v. Fish* is conclusive. *Cuthbertson* at 899, 746 N.E.2d 197. Further, particularly with respect to the ninth factor listed above, the trial court must determine whether the claim of innocence is "anything more than the defendant's change of heart about the plea agreement." *State v. Kramer*, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176, ¶58. "A change of heart or mistaken belief about pleading guilty is not a reasonable basis for withdrawal of a guilty plea." *State v. Smith*, 8th Dist. No. 94419, 2010-Ohio-5784, ¶9. "When none of the *Fish* factors weigh heavily in the defendant's favor regarding the presentence withdrawal of a guilty plea, a strong inference arises that the plea is being withdrawn merely because of a change of heart about entering the plea." *State v. Moore*, 7th Dist. No. 06 CO 74, 2008-Ohio-1039, ¶13.

**{21}** "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Xie* at paragraph two of the syllabus. An abuse of discretion is more than error of law or judgment, but rather, indicates a decision that is unreasonable, arbitrary or unconscionable. Id. at 527, 584 N.E.2d 715.

**{22}** None of the *Fish* factors significantly weigh in Appellant's favor in this case. The first factor considers whether the state will be prejudiced by allowing the plea to be withdrawn. Appellant contends that the state has not alleged prejudice, and argues that based on our previous holding in *Cuthbertson*, the trial court should have granted the motion to withdraw the plea for this reason, alone. In *Cuthbertson* we did point out the importance of this factor if the plea is withdrawn, but in

*Cuthbertson* we found that "there [was] no allegation that the state's case would be prejudiced upon withdrawal of the plea." *Cuthbertson* at 899. Contrary to Appellant's argument, the state has alleged prejudice in this matter. Therefore, this factor weighs against allowing Appellant to withdraw his plea. Although the prosecutor indicated at the plea withdrawal hearing only that the state might be prejudiced, in a supplemental filing allowed by the court the state made it clear that it would definitely be prejudiced. (1/29/09 Memo in Opposition, p. 3.)

{23} The second factor reviews Appellant's representation. The parties agree that Attorney Zena is an established and knowledgeable criminal defense attorney, and it is clear from the record that he actively pursued the issues that arose during the litigation of this case. Although Appellant claims that his counsel failed to keep him apprized of evidence that was uncovered during discovery, there is no indication of this in the record. Appellant also alleges that his counsel may have rushed into accepting a plea bargain because of a dispute over the nonpayment of attorney's fees. While there is no real record of such a dispute in this matter, there is certainly no indication that the alleged dispute about the payment of fees had any effect on counsel's representation or on the Crim.R. 11 plea agreement. The fee dispute allegedly began in March of 2008, while the record reflects that Crim.R. 11 negotiations were already taking place in July of 2007, almost nine months earlier. The record does not reflect that there occurred some kind of last minute frenzy to complete a plea agreement, rather, the record indicates that plea negotiations had been taking place over a long period of time. The fact that a plea agreement was

reached on the day scheduled for trial is not indicative of any lapse in representation, since experience shows us that is most often the moment when a plea agreement is accepted. Finally, the fact that law school students may have told Appellant that the trial judge possessed the authority and discretion to impose a sentence different than that recommended by the prosecutor does not weigh in Appellant's favor. It is axiomatic that the sentencing judge may deviate from the prosecutor's recommended sentence. The record clearly reveals that Appellant was well aware of this fact. The maximum possible penalties were stated in the written plea agreement, which Appellant signed, and at the plea hearing, in which Appellant actively participated. Anything that Appellant was told by law students from the University of Akron was not new information and cannot form the basis for a motion to withdraw his plea.

{24} The third and fourth factors deal with the thoroughness of the Crim.R. 11 plea hearing and withdrawal of plea hearing. The record indicates that the trial court conducted full and thorough hearings in both instances.

{25} The fifth factor has us review whether the trial court gave full and fair consideration to the motion to withdraw the plea. Once again, a full and thorough hearing took place to review the motion to withdraw the plea. The court was an active participant in the hearing, asking questions and interjecting comments throughout the hearing. The court also allowed the parties additional time after the hearing to present any further arguments. The court filed a four-page judgment entry explaining the reasoning behind her ruling. Thus, the fifth *Fish* factor does not weigh in Appellant's favor.

{26} The sixth factor asks whether the timing of the motion was reasonable. Appellant entered his guilty plea on June 23, 2008, and filed his motion to withdraw the plea on December 5, 2008, a period of over five months. Appellant insists that he notified the Adult Parole Authority of his dissatisfaction with the plea only 30 days after he entered the plea, but he did not file a motion to withdraw until much later. Thus, it appears from the record that the motion to withdraw was filed at the last hour during a period when the final sentencing hearing was temporary stayed. This factor does not weigh in Appellant's favor.

{27} The seventh factor examines the specific reasons that the defendant presents in support of the motion. The reason stated in Appellant's motion is that he did not commit the crimes and only entered the plea because he thought it would get him home to his family sooner. The record does not indicate any assertion of innocence by Appellant until after the guilty plea was accepted by the court. At some point after pleading guilty, Appellant apparently became more aware of the discretion that a trial judge has at sentencing and became convinced that he could get home sooner by withdrawing the plea. As discussed, Appellant was well aware that he was giving up the possibility of trial and acquittal when he entered the plea, and his argument appears to reflect nothing more than a change of heart after Appellant entered his plea.

{28} The eighth factor is whether the defendant understood the nature of the charges and the potential sentences. Again, the charges and penalties were fully set forth in the plea agreement and were explained to Appellant at the plea hearing.

There is nothing in the record indicating any type of confusion or misunderstanding about the charges or penalties.

{29} The ninth factor requires review as to whether the defendant is actually innocent or whether he has a complete defense to the charge. Other than Appellant's delayed assertion that he was innocent, the record is silent as to any facts which might support his belated assertion.

{30} None of the factors listed in *State v. Fish* weigh in Appellant's favor, and there is little in the record to rebut the strong inference that Appellant's newfound claim of innocence is anything more than a change of heart about pleading guilty. The trial court utilized its discretion to overrule the motion to withdraw the plea in this case, and we find no abuse of discretion based on the record now before us. Therefore, we overrule Appellant's first assignment of error.

<u>Assignment of Error No. 2</u>

{31} "DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION."

{32} To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, the appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph two of the syllabus. Second, the appellant must demonstrate that he was

prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, the appellant must prove that, but for counsel's errors, the result of the trial would have been different. Id. at paragraph three of the syllabus.

**{33}** Counsel's effectiveness is "not defined in terms of the best available practice, but rather should be viewed in terms of the choices made by counsel." *State v. Wilkins* (1980), 64 Ohio St.2d 382, 390, 18 O.O.3d 528, 415 N.E.2d 303. The reasonableness of the attorney's decisions must be assessed at the time the decisions are made, and not at the time of a court's assessment. Id.

**{34}** The mere fact that, if not for the alleged actions of counsel, the defendant would not have entered a guilty plea, is not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance. *State v. Sopjack* (Dec. 15, 1995), 11th Dist. No. 93-G-1826, citing *State v. Haynes* (Mar. 3, 1995), 11th Dist. No. 93-T-4911, at 4-5. Rather, ineffective assistance of trial counsel affects the validity of a guilty plea when it precludes a defendant from entering his plea knowingly and voluntarily. Id.

**{35}** Because an allegation of a coerced plea involves actions over which the state has no control, "[a] claim that a guilty or no contest plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty plea shows it was voluntarily made." (Internal quotations omitted) *State v. Lett*, 7th Dist. No. 08-MA84, 2010-Ohio-4188, ¶33. A defendant's own self-serving

declarations or affidavits are insufficient to rebut a record that demonstrates that the plea was voluntary. Id.

**{36}** Appellant's assertion that counsel failed to inform him about evidence being gathered during discovery is not supported by the record. Equally absent is any indication as to how Appellant might have been prejudiced. Appellant's allegation that counsel stopped providing proper representation due to a dispute over the payment of his attorney's fees is contradicted by the record. Attorney Zena continued to represent Appellant even after the alleged fee issue arose, including the administration of not one but two polygraph examinations in an effort to convince the state to dismiss the charges against him. Attorney Zena also successfully negotiated a plea agreement in which a charge of attempted murder, and the accompanying gun specification, were dismissed, and the prosecutor agreed to recommend concurrent sentences on the two remaining charges. Appellant's mere allegations of coercion from his counsel are insufficient to prove that his plea was not voluntarily entered. Appellant has not identified any evidence in the record to support his conclusion that his counsel pressured him into entering the plea, or how that pressure might have been exerted. Moreover, Appellant was fully apprized of his rights and the potential penalties at the plea hearing. Finally, as pointed out by the trial court, Appellant failed to assert or prove that he was prejudiced by his trial counsel's behavior. Accordingly, Appellant's second assignment of error is overruled.

## Conclusion

**{37}** Appellant has alleged that the trial court abused its discretion in denying his presentence motion to withdraw his plea. He asserted that he was mislead by his counsel, was given faulty information about the trial court's discretion in sentencing, and that he was somehow coerced into pleading guilty to murder. The record does not support any of Appellant's allegations. It appears from the record that Appellant was represented by competent counsel prior to pleading guilty, had a full and fair plea hearing, and at some point after entering his plea, he had a change of heart about the consequences of the plea. Based on the factors set forth in *State v. Fish*, we find no abuse of discretion in the trial court's decision to overrule Appellant's motion to withdraw his plea. We also find no basis for a claim of ineffective assistance of counsel. Appellant's two assignments of error are overruled and the judgment of the trial court is affirmed in full.

Vukovich, J., concurs.

DeGenaro, J., concurs.