[Cite as *State v. Williams*, 2018-Ohio-3615.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                 CASE NO. 8-18-06

     v.

LAYNE D. WILLIAMS,                   O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR17-09-0299

Judgment Affirmed

Date of Decision: September 10, 2018

APPEARANCES:

     *Samantha L. Berkhofer* for Appellant

     *Sarah J. Warren* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Layne D. Williams ("Williams"), appeals the February 7, 2018 judgment entry of sentence of the Logan County Court of Common Pleas. We affirm.

{¶2} On September 12, 2017, the Logan County Grand Jury indicted Williams on seven counts: Count One of rape in violation of R.C. 2907.02(A)(1)(a), a first-degree felony; Count Two of unlawful sexual contact with a minor in violation of R.C. 2907.04(A), a fourth-degree felony; Count Three of pandering obscenity involving a minor in violation of R.C. 2907.32(A)(1), a second-degree felony; Count Four of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), a second-degree felony; Count Five of corrupting another with drugs in violation of R.C. 2925.02(A)(1), a second-degree felony; Count Six of rape in violation of R.C. 2907.02(A)(2), a first-degree felony; and Count Seven of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), a second-degree felony. (Doc. No. 2). On September 15, 2017, Williams appeared for arraignment and entered pleas of not guilty. (Doc. No. 9). The State filed a bill of particulars on October 20, 2017. (Doc. No. 34).

{¶3} On December 29, 2017, a change-of-plea hearing was held. (Doc. No. 50). Williams withdrew his pleas of not guilty and entered guilty pleas, under a

negotiated plea agreement, to Counts Two, Three, Four, and Five of the indictment. (*Id.*). In exchange for his change of pleas, the State agreed to dismiss Counts One, Six, and Seven of the indictment. (*Id.*). The trial court conducted a Crim.R. 11 colloquy, accepted Williams's guilty pleas, found him guilty, and ordered a presentence investigation. (*Id.*). The trial court also dismissed Counts One, Six, and Seven. (*Id.*).

{¶4} On January 25, 2018, Williams filed a motion to withdraw his guilty pleas. (Doc. No. 53). The State filed a memorandum in opposition to Williams's motion to withdraw his guilty pleas on February 2, 2018. (Doc. No. 55). On February 2, 2018, the trial court denied Williams's motion to withdraw his guilty pleas and proceeded to sentencing that same day. (Doc. No. 58). The trial court sentenced Williams to 12 months in prison on Count Two, 6 years in prison on Count Three, 6 years in prison on Count Four, and 6 years in prison on Count Five. (*Id.*). The trail court ordered that Williams serve the prison terms under Counts Two, Four, and Five consecutively, and serve the prison term under Count Three concurrently to the terms under Counts Two, Four, and Five for an aggregate sentence of 13 years in prison. (*Id.*). The trial court also concluded that Williams is a Tier II sex offender. (*Id.*). The trial court filed its judgment entry of sentence on February 7, 2018. (*Id.*).

{¶5} Williams filed his notice of appeal on February 12, 2018. (Doc. No. 68). He raises one assignment of error for our review.

**Assignment of Error**

**Whether the trial court abused its discretion when it refused to allow a change of plea?[1]**

{¶6} In his assignment of error, Williams argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea.

{¶7} A defendant may file a presentence motion to withdraw a guilty plea. Crim.R. 32.1. Although a trial court should freely grant such a motion, a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. *Id.* at paragraph one of the syllabus.

{¶8} We consider several factors when reviewing a trial court's decision to grant or deny a defendant's presentence motion to withdraw a plea, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to

---

[1] Williams's brief contains different versions of his assignment of error. Notwithstanding the caption of his assignment of error directly preceding his argument alleging that the trial court erred by not permitting him to change his plea, Williams previously asserts in his brief that he is assigning as error, "Whether the trial court erred by denying his motion to suppress the identification evidence?" (*See* Appellant's Brief at III, 2). However, based on the argument presented in the body of his assignment of error, it is apparent that Williams is actually challenging the trial court's denial of his presentence motion to withdraw his guilty pleas. Accordingly, we will address that argument.

Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001). *See also State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995), *overruled on other grounds*, *State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379. "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16, citing *Griffin* at 554 and *Fish* at 240.

{¶9} Ultimately, it is within the sound discretion of the trial court to determine what circumstances justify granting a presentence motion to withdraw a guilty plea. *Xie* at paragraph two of the syllabus. Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261 (1977). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). When

applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

**{¶10}** An examination of the reasonable-and-legitimate-basis factors supports that the trial court's decision to deny Williams's presentence motion to withdraw his guilty pleas was not unreasonable, arbitrary, or unconscionable. Thus, the trial court did not abuse its discretion by denying Williams's motion to withdraw his guilty pleas.

**{¶11}** As to the first factor, despite contending that it would be prejudiced if the trial court were to allow Williams to withdraw his guilty pleas in its memorandum in opposition to Williams's motion to withdraw his guilty pleas, the State concedes in its brief "that prejudice would be minimal if any." (Appellee's Brief at 5). The trial court concluded that the State would be prejudiced by permitting Williams to withdraw his guilty pleas because the trial court

> is prejudiced by that because we now have yet another trial packed into an already busy trial schedule, and we had this time set aside for this case as well as the venue for the case, and * * * you basically are now trying to push it into a time frame where we're already booked.

(Feb. 2, 2018 Tr. at 8-9). Not only does the articulated prejudice relate to prejudice to the trial court instead of the State, the trial court's articulated prejudice also

appears to relate "only to the inconvenience of having to prosecute [the] case, rather than relating to actual, articulated prejudice." *State v. Zimmerman*, 10th Dist. Franklin No. 09AP-866, 2010-Ohio-4087, ¶ 24. Because "the prejudice must relate 'solely' to the entering of the plea [agreement]," the trial court's articulated prejudice is not a legitimate consideration when determining whether a defendant may withdraw his guilty pleas prior to sentencing. *Id.* at ¶ 23. Also, the State concedes that the sixth factor—the timeliness of Williams's motion—weighs in his favor. (Appellee's Brief at 6). Therefore, the first and sixth factors weigh in favor of granting Williams's presentence motion to withdraw his guilty pleas.

{¶12} Nevertheless, after reviewing the totality of the circumstances of this case, we conclude that the trial court did not abuse its discretion by denying Williams's presentence motion to withdraw his guilty pleas. *See State v. Rickman*, 3d Dist. Seneca No. 13-13-15, 2014-Ohio-260, ¶ 13 (reviewing the totality of the circumstances in evaluating whether the trial court abused its discretion by denying Rickman's motion to withdraw his guilty plea); *State v. Fields*, 1st Dist. Hamilton No. C-090648, 2010-Ohio-4114, ¶ 14. *See also North*, 2015-Ohio-720, at ¶ 27 (concluding that the trial court did not abuse its discretion by overruling North's presentence motion to withdraw his guilty plea even though there was a lack of prejudice to the prosecution and the timing of his motion was reasonable).

**{¶13}** As Williams concedes, the second, third, and eighth factors do not weigh in his favor. Apart from Williams's concession that the second factor does not weigh in his favor, it is pertinent to note for our totality-of-the-circumstances analysis that two attorneys were appointed to represent Williams in this matter. (Doc. Nos. 9, 45). (*See* Feb. 2, 2018 Tr. at 9). The favorable negotiated plea agreement in which the State agreed to dismiss three of the seven counts of the indictment, including the two most serious charges Williams was facing—the first-degree-felony-rape charges—is also evidence that Williams was represented by competent trial counsel. *Compare State v. Ferdinandsen*, 3d Dist. Hancock No. 5-15-08, 2016-Ohio-7172, ¶ 31 (concluding that the second factor did not weigh in Ferdinandsen's favor because he "was offered a very favorable negotiated plea agreement").

**{¶14}** We conclude that the fourth, fifth, seventh, and ninth factors do not weigh in Williams's favor. As to the fourth and fifth factors, although it was conducted just before the sentencing hearing, the trial court conducted a hearing on Williams's motion to withdraw his guilty pleas, during which both parties had the opportunity to speak and present their evidence. (Feb. 2, 2018 Tr. at 7-17). *Compare State v. Motley*, 1st Dist. Hamilton Nos. C-040430 and C-040431, 2005-Ohio-2450, ¶ 12 (noting that the trial court permitted Motley "a full opportunity to speak on why his Crim.R. 32.1 motion should have been granted" "[a]t the

sentencing hearing"). *See also Rickman* at ¶ 21; *State v. Hill*, 3d Dist. Henry No. 7-12-11, 2013-Ohio-3873, ¶ 17 ("Moreover, the record establishes that the trial court provided Hill with an opportunity to address his arguments regarding his reasons for wanting to withdraw his guilty plea and that the trial court gave full and fair consideration of Hill's reasons."); *Zimmerman*, 2010-Ohio-4087, at ¶ 16 (concluding that the fourth factor weighed against Zimmerman's motion to withdraw his guilty plea because the trial court "conducted a complete inquiry into the grounds for [Zimmerman's] motion to withdraw" his guilty plea). Likewise, the trial court gave full and fair consideration of Williams's reasons to withdraw his guilty pleas. Indeed, the trial court dedicated nearly ten pages of transcript discussing the propriety of Williams's motion, while addressing the reasonable-and-legitimate-basis factors. (*See* Feb. 2, 2018 Tr. at 7-17).

{¶15} Turning to the remaining factors, to determine whether the seventh factor—the stated reasons for the motion—weighs in his favor, we must examine it in conjunction with the ninth factor—whether Williams is perhaps not guilty or has a complete defense to the charges. Based on our review of the record, Williams did not present any reasonable and legitimate basis for his motion to withdraw his guilty pleas and his claims of innocence are not substantiated by the record. *See North*, 2015-Ohio-720, at ¶ 27. In his motion to withdraw his guilty pleas, Williams states, without further explanation, that the reason for his motion is simply "to correct

manifest injustice." (Doc. No. 53). Because his stated reason was ambiguous, the trial court inquired of Williams as to the reasons for his motion at the hearing regarding his motion. In response to the trial court's inquiry, Williams stated, "I just feel like I'm not guilty on all those charges. I feel like I'm only guilty of one F2 and one F4." (Feb. 2, 2018 Tr. at 12). Williams further stated, "I just feel like I was forced into not -- not really forced to take a plea deal, but scared into taking the plea deal." (*Id.* at 13).

{¶16} "In weighing the ninth factor, 'the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement.'" *State v. Davis*, 5th Dist. Richland No. 15CA6, 2015-Ohio-5196, ¶ 19, quoting *State v. Davison*, 5th Dist. Stark No. 2008-CA-00082, 2008-Ohio-7037, ¶ 45, citing *State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58. "'A change of heart or mistaken belief about pleading guilty is not a reasonable basis for withdrawal of a guilty plea.'" *State v. Jones*, 7th Dist. Mahoning No. 09 MA 50, 2011-Ohio-2903, ¶ 20, quoting *State v. Smith*, 8th Dist. Cuyahoga No. 94419, 2010-Ohio-5784, ¶ 9. Claims of innocence must be substantiated. *North* at ¶ 27.

{¶17} Williams's motion to withdraw his guilty pleas is nothing more than a change of heart—that is, Williams's stated reasons for his motion do not amount to a claim of innocence and any claim of innocence is unsubstantiated.

Notwithstanding Williams's statement that he does not "feel like" he is guilty,—which does not amount to a claim of innocence—Williams's subsequent statement that he is guilty of a second-degree and fourth-degree felony at least partially equivocates any claim of innocence. Further, to the extent that Williams's claims could be construed as a claim of innocence, his claims are not substantiated by the record. Rather, Williams's claims of innocence are contradicted by his statements at the change-of-plea hearing and in the PSI. *See Motley*, 2005-Ohio-2450, at ¶ 10. At the change-of-plea hearing, Williams's trial counsel represented to the trial court that it was likely that Williams would be found guilty of the charges to which he was pleading guilty if the case were to proceed to trial. (Dec. 29, 2017 Tr. at 9). Williams did not protest his trial counsel's statement. Rather, after the State specifically described Williams's conduct as it related to Counts Two, Three, Four, and Five of the indictment, Williams voluntarily, intelligently, and knowingly admitted guilt to those counts. (*Id.* at 11-22).

{¶18} Moreover, the PSI reflects that Williams told the investigator, "'I am not guilty of rape, I am not guilty of forcing drugs on her, but I am guilty of the rest.'" (PSI at 5). According to the PSI, Williams admitted to the investigator to smoking marijuana and using cocaine with the victim. (*Id.*). In addition, the PSI reflects that Williams expresses remorse for his conduct because he thought that the victim was 16 years old—not 14 years old—and that he "thought the age of 16 was

ok." (*Id.*). The PSI further reflects that Williams admitted to law enforcement to engaging in sexual conduct with the victim, to smoking marijuana and using cocaine with the victim, and to taking pictures of the victim at her insistence. (*Id.*). However, the PSI reflects that Williams denied to law enforcement that he distributed any pictures or videos depicting the victim. (*Id.*). Despite that denial, the PSI reflects that law enforcement interviewed witnesses who indicated that they received pictures and videos from Williams depicting the victim. (*Id.*). For these reasons, we conclude the record does not substantiate that Williams pleaded guilty to crimes that he did not commit. *See State v. Calloway*, 1st Dist. Hamilton No. C-040066, 2004-Ohio-5613, ¶ 15

{¶19} To the extent that Williams argues that he was pressured into pleading guilty under the negotiated plea agreement, we do not find Williams's argument persuasive. Other than Williams's statement during the trial court's hearing on his motion to withdraw his guilty pleas, there is no evidence that Williams was pressured to agree to the plea agreement. Indeed, as we discussed above, our review of the change-of-plea hearing reflects that Williams's pleas were knowing, intelligent, and voluntary. (*See* Dec. 29, 2017 Tr.). As such, the seventh and ninth factors do not weigh in Williams's favor.

{¶20} Therefore, despite our conclusions that the first and sixth factors weigh in Williams's favor, we conclude that, based on the totality of the circumstances,

Williams did not have a reasonable and legitimate basis to withdraw his guilty pleas. *See Jones*, 2011-Ohio-2903, at ¶ 20 ("'When none of the [] factors weigh heavily in the defendant's favor regarding the presentence withdrawal of a guilty plea, a strong inference arises that the plea is being withdrawn merely because of a change of heart about entering the plea.'"), quoting *State v. Moore*, 7th Dist. Columbiana No. 06 CO 74, 2008-Ohio-1039, ¶ 13. Accordingly, the trial court did not abuse its discretion by denying Williams's motion to withdraw his guilty plea.

{¶21} Williams's assignment of error is overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**