[Cite as *State v. Mathias*, 2020-Ohio-4224.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| RICHARD L. MATHIAS, JR., | : | Case No. 2019 CA 00052 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Fairfield County
                              Court of Common Pleas, Case No.
                              18-CR-695


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             August 26, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

R. KYLE WITT                              SCOTT P. WOOD
Fairfield County Prosecutor               Condrad/Wood
                                          120 East Main Street, Suite 200
By: CHRISTOPHER A. REAMER                 Lancaster, Ohio 43130
Assistant County Prosecutor
Fairfield County Prosecutor's Office
239 West Main Street, Suite 101
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1} Defendant-appellant Richard L. Mathias, Jr. appeals his sentence from the Fairfield County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On November 14, 2018, appellant was indicted on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and R.C. 2907.05(C)(2), felonies of the third degree, and one count of disseminating material harmful to juveniles in violation of R.C. 2907.31(A)(1) and 2907.31(F), a misdemeanor of the first degree. The victim was a six year old child. At his arraignment on November 21, 2018, appellant entered a plea of not guilty to the charges.

{¶3} Thereafter, on November 14, 2019, appellant withdrew his former guilty plea and entered a plea of guilty to one of the counts of gross sexual imposition and the count of disseminating material harmful to juveniles. The remaining count was dismissed.  As memorialized in a Judgment Entry of Sentence filed on November 14, 2019, appellant was sentenced to 60 months in prison and fined $2,000.00.

{¶4} Appellant now appeals, raising the following assignment of error on appeal:

{¶5} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE."

I

{¶6} Appellant, in his sole assignment of error, argues that the trial court erred in imposing the maximum sentence on appellant. We disagree.

{¶7} Pursuant to R.C. 2953.08(A)(1), appellant is entitled to appeal as of right the maximum sentence imposed on his conviction. Under R.C. 2953.08(G)(2), we may

either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049.

{¶8}   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶9}   As noted by this court in *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 16:

A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth [in] R.C. 2929.12. *State v. Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16.

{¶10}   R.C. 2929.11 governs overriding purposes of felony sentencing and states:

{¶11}  (A)   A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing

are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶12} (B)  A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶13}  R.C. 2929.12 governs factors to consider in felony sentencing. Subsection (A) states that the trial court "shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, [and] the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism."

{¶14}  As noted by this court in *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 17:

> Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria

concerning seriousness and recidivism or even discussed them. (Citations omitted.)

{¶15} "The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 19.

{¶16}     Appellant, in the case sub judice, concurs that his sentence was within the statutory range. Appellant argues that the trial court did not properly consider the purposes and principals of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors as set forth in R.C. 2929.12. Appellant notes that he was 65 years old with no prior criminal record, was recently retired from the railway and had recently been suffering from dementia issues and was participating in counseling. He also notes that he expressed extreme remorse for his actions and that appellee recommended a lesser sentence.    Finally, appellant notes that the trial court did not find any recidivism factors.

{¶17} Initially, we note that a trial court is not bound to follow a sentence that has been recommended by the prosecutor. *See, State, ex rel. Duran v. Kelsey,* 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶6.

{¶18} At the sentencing hearing, there was discussion that the victim was six years old at the time and that appellant was in a position of trust with the family.   The victim was in counseling due to the incidents. Appellant's ex-wife, the victim's grandmother, stated that the victim was "screaming hysterically at the top of her lungs when she was telling what you [appellant] had done to her." Transcript at 26.  She told

the court that appellant had taken away the victim's sense of security and self-worth and that the victim was struggling. She also told that court that appellant, after what he had done, had asked her to stay on as his power of attorney and that appellant had never expressed remorse and never apologized.

**{¶19}** The victim's father told the court that appellant's actions had turned his family upside down and that the victim had "cried and screamed for hours. She felt like it was her fault." Transcript at 31. He told the court that appellant had taken the victim's innocence.

**{¶20}** In sentencing appellant, the trial court stated, in relevant part, as follows:

**{¶21}** In general, the Court must formulate its decision based upon the overriding principles and purposes of felony sentencing, namely, to protect the public from future crime by Mr. Mathias, Jr., and also to punish you, Mr. Mathias, Jr., using the minimum sanctions that the Court determines accomplishes those purposes without imposing an unnecessary burden on state and local government resources.

**{¶22}** So to achieve these purposes, the sentencing Court is considering the need for incapacitating you, deterring you, and also rehabilitating you. While I'm doing those things, I'm also ensuring that your sentence is not based on impermissible purposes; that your sentence is consistent with other similar offenses committed by like offenders, and finally, that your sentence is proportional to the harm caused and the impact of your misconduct upon A.W. and A.W.'s family.

**{¶23}** You are facing a third-degree felony. That is Count One. So the Court's not only considering the purposes and principles of sentencing, but all relevant seriousness and recidivism factors.

**{¶24}** This Court has identified that there are no recidivism factors, but there certainly are significant seriousness factors.

**{¶25}** So when the Court looks at the conduct, Mr. Mathias, the Court can't help but to consider the age of the victim, six years old, six years at the time of the incidences, the long term effects of such misconduct, despicable acts. The Court's taking all of that into consideration.

**{¶26}** It's hard to predict what the long-term consequences are when a person is victimized in this particular fashion.

**{¶27}** That's something that the family is not going to know the full extent of for years to come.

**{¶28}** But you were in a position of great trust by this family. They revered you in many respects, and you took advantage of that trust. And there definitely will be consequences. There's no way I'm giving you just a community control sentence. That's not going to happen.

**{¶29}** Transcript at 38-40.

**{¶30}** In the sentencing entry, the trial court stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors under R.C. 2929.12.

**{¶31}** Based on the foregoing, we find that the trial court considered the purposes and principles of sentencing (R.C. 2929.11) as well as the factors that the court must consider when determining an appropriate sentence. (R.C. 2929.12). Although not required to do so, the trial court set forth its reasons for the maximum sentence on the record. While appellant may disagree with the weight given to these factors by the trial

judge, appellant's sentence was within the applicable statutory range, and we find no basis for concluding that  the maximum sentence is contrary to law.

**{¶32}** The assignment of error is, therefore, overruled.

**{¶33}** Accordingly, the judgment of the Fairfield County Common Pleas Court is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.