[Cite as *State v. Hughes*, 2020-Ohio-4516.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  17-20-04

    v.

WILLIAM L. HUGHES,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Sidney Municipal Court
Trial Court No. 19CRB00685

**Judgment Affirmed**

Date of Decision:    September 21, 2020

APPEARANCES:

    *Jim R. Gudgel* **for Appellant**

    *Jeffrey L. Amick* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, William L. Hughes ("Hughes"), appeals the February 1, 2020 judgment entry of sentence of the Sidney Municipal Court. For the reasons that follow, we affirm.

{¶2} On August 21, 2019, Hughes was charged with aggravated menacing in violation of R.C. 2903.21(A), a first-degree misdemeanor. (Doc. No. 1). On August 26, 2019, Hughes appeared for arraignment and entered a plea of not guilty. (Doc. No. 7).

{¶3} On December 20, 2019, Hughes withdrew his plea of not guilty and entered a guilty plea, under a negotiated plea agreement. (Doc. No. 15). In exchange for his guilty plea, the State amended the aggravated-menacing charge to—menacing in violation of R.C. 2903.22, a fourth-degree misdemeanor, and dismissed Hughes's traffic violation in another case.[1] (*Id.*); (Dec. 20, 2019 Tr. at 3). The trial court conducted a Crim.R. 11 colloquy, accepted Hughes's guilty plea, and ordered a presentence investigation report ("PSI") be prepared. (*Id.*); (*Id.* at 3-5).

{¶4} On January 31, 2020, Hughes's court-appointed counsel filed a motion to withdraw his guilty plea. (Doc. No. 17). The State filed a memorandum in

---

[1] Hughes was also charged in case number 19TRD03525 with operating a motorcycle with a driver's license that did not bear the motorcycle endorsement in violation of R.C. 4510.12, a minor misdemeanor. (*See* Doc. No. 17).

opposition to Hughes's motion on the same day. (Doc. No. 18). The trial court assigned the motion to withdraw guilty plea and sentencing for a hearing. (Doc. No. 19). Thereafter, Hughes retained private counsel who filed a notice of appearance-substitution of counsel and a motion to continue the scheduled hearing, which the trial court denied as untimely filed. (Doc. Nos. 20, 21, 22). Nevertheless, and on February 4, 2020, the trial court rescheduled both hearings for February 11, 2020. (Doc. No. 23). On February 6, 2020, Hughes filed his second motion to withdraw his guilty plea. (Doc. Nos. 24, 25).

{¶5} The trial court held its hearing on February 11, 2020 to address Hughes's motion to withdraw his guilty plea. (Doc. No. 27). After receiving evidence on the motion, the trial court denied Hughes's motion, and then proceeded to sentencing. (*Id.*). The trial court sentenced Hughes to a one-day-jail term and one year of community control sanctions.[2] (*Id.*). The trial court filed its judgment entry of sentence on February 11, 2020. (*Id.*).

{¶6} Hughes filed his notice of appeal on February 24, 2020. (Doc. No. 28). He raises one assignment of error for our review.

**Assignment of Error**

**The Court abused it's [sic] discretion in denying the Motion to Withdraw Guilty Plea.**

---

[2] Hughes was given credit for one day previously served, was required to complete an anger-rage program as a condition of his community control sanctions, and ordered pay a $125 fine plus court costs. (Doc. No. 27).

{¶7} In his assignment of error, Hughes argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea.

*Standard of Review*

{¶8} A defendant may file a presentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1. Although a trial court should freely grant such a motion, a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. *Id.* at paragraph one of the syllabus.

{¶9} Appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261 (1977). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

*Analysis*

{¶10} We consider several factors when reviewing a trial court's decision to grant or deny a defendant's presentence motion to withdraw a plea, including: (1)

whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001). *See also State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995), *overruled on other grounds*, *State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379. "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16, citing *Griffin* at 554 and *Fish* at 240.

{¶11} Our examination of the reasonable-and-legitimate-basis factors supports that the trial court's decision to deny Hughes's presentence motions to withdraw his guilty plea was not unreasonable, arbitrary, or unconscionable. Thus, the trial court did not abuse its discretion by denying Hughes's motions to withdraw his guilty plea.

{¶12} As to the first factor, the State contends that it would be prejudiced if the trial court were to allow Hughes to withdraw his guilty plea. However, the State did not provide its specific basis for the prejudice in its memorandums, appellee's brief, or argument before the trial court. Moreover, the trial court made no express determination as to this factor. Importantly, Hughes filed his motion before his sentencing hearing was held. Therefore, we conclude that the first and sixth factors weigh in favor of granting Hughes's presentence motion to withdraw his guilty plea.

{¶13} Nevertheless, in our review of the totality of the circumstances in this case, we conclude that the trial court did not abuse its discretion by denying Hughes's presentence motion to withdraw his guilty pleas. *See State v. Rickman*, 3d Dist. Seneca No. 13-13-15, 2014-Ohio-260, ¶ 13 (reviewing the totality of the circumstances in evaluating whether the trial court abused its discretion by denying Rickman's motion to withdraw his guilty plea); *State v. Fields*, 1st Dist. Hamilton No. C-090648, 2010-Ohio-4114, ¶ 14. Specifically, we note, that Hughes received a favorable negotiated plea agreement in which the State agreed to amend the original charge and dismiss another charge. (Doc. No. 15). (*See* Dec. 20, 2019 Tr. at 3). Hence, such a favorable plea agreement evidences that Hughes was represented by competent trial counsel. *Compare State v. Ferdinandsen*, 3d Dist. Hancock No. 5-15-08, 2016-Ohio-7172, ¶ 31 (concluding that the second factor did not weigh in Ferdinandsen's favor because he "was offered a very favorable

negotiated plea agreement"). Further, Hughes asserts that his court-appointed counsel made certain promises to him as to his ultimate sentence. However, no evidence was presented to the trial court to support these assertions. Therefore, we conclude that the second, third, and eighth factors do not weigh in Hughes's favor.

{¶14} Addressing the fourth and fifth factors in our totality-of-the-circumstances analysis, the trial court's hearing on Hughes's motion to withdraw his guilty plea was conducted just before its sentencing hearing wherein both parties had the opportunity to speak and present their evidence. (Feb. 11, 2020 Tr. at 3-6). *Compare State v. Motley*, 1st Dist. Hamilton Nos. C-040430 and C-040431, 2005-Ohio-2450, ¶ 12 (noting that the trial court permitted Motley "a full opportunity to speak on why his Crim.R. 32.1 motion should have been granted" "[a]t the sentencing hearing"). *See also Rickman* at ¶ 21. Similarly, here the trial court gave full and fair consideration of Hughes's reasons to withdraw his guilty plea. Indeed, the trial court discussed the propriety of Hughes's motion, while addressing the reasonable-and-legitimate-basis factors. (*See* Feb. 11, 2020 Tr. at 3-9). Thus, the fourth and fifth factors do not weigh in Hughes's favor.

{¶15} Turning to the remaining factors, under the seventh and ninth factors, Hughes did not present any reasonable and legitimate basis for withdrawing his guilty plea and his claim of innocence is not substantiated by the record. *See North*, 2015-Ohio-720, at ¶ 27. Under the facts presented, we conclude that Hughes's

motion to withdraw his plea is a merely a change of heart since his stated reasons for withdrawal does not amount to a claim of innocence. "'A change of heart or mistaken belief about pleading guilty is not a reasonable basis for withdrawal of a guilty plea.'" *State v. Jones*, 7th Dist. Mahoning No. 09 MA 50, 2011-Ohio-2903, ¶ 20, quoting *State v. Smith*, 8th Dist. Cuyahoga No. 94419, 2010-Ohio-5784, ¶ 9.

{¶16} Moreover, even though Hughes does assert a claim of innocence, his claim is not substantiated by the record. Claims of innocence must be substantiated. *North* at ¶ 27. Rather, Hughes's claim of innocence is contradicted by his statements at the change-of-plea hearing wherein Hughes voluntarily, intelligently, and knowingly *admitted guilt* to the menacing charge. (Dec. 20, 2019 Tr. at 3). *See Motley*, 2005-Ohio-2450, at ¶ 10. For these reasons, we conclude the record does not substantiate that Hughes pled guilty to a crime that he did not commit. *See State v. Calloway*, 1st Dist. Hamilton No. C-040066, 2004-Ohio-5613, ¶ 15, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 14, (concluding that "'a guilty plea, absent an assertion of innocence, is an admission of guilt.'"). As such, the seventh and ninth factors do not weigh in Hughes's favor.

{¶17} Therefore, despite our conclusions that the first and sixth factors weigh in Hughes's favor, we conclude, based on the totality of the circumstances, that Hughes did not have a reasonable and legitimate basis to withdraw his guilty plea.

*See Jones*, 2011-Ohio-2903, at ¶ 20. Accordingly, the trial court did not abuse its discretion by denying Hughes's request to withdraw his guilty plea.

{¶18} Hughes's assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**